EL PUEBLO, DEMANDANTE Y APELADO, *v.* ACOSTA, ACUSADO Y APELANTE.

APELACIÓN procedente de la Corte de Distrito de Mayagüez en causa por delito contra la salud pública.

No. 1287.—Resuelto en enero 21, 1919.

VENTA DE LECHE ADULTERADA—EVIDENCIA—PRUEBA CORROBORANTE—CREDIBILIDAD DE LOS TESTIGOS.—En este caso el error alegado es que la sentencia es contraria a la prueba; e insiste el apelante en que sería peligroso considerar probado el hecho de la venta de leche (la cual se admite que estaba adulterada), por la sola evidencia no corroborada del inspector de sanidad. Este no es uno de los casos en que la ley exige prueba corroborante. La cuestión de si un funcionario público ha sido inducido por su celo oficial a declarar falsamente es una cuestión de credibilidad y esta corte ha sostenido en repetidas decisiones que la credibilidad de los testigos es materia que compete a la corte sentenciadora..

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Ramón Freyre.*

Abogado del apelado: *Sr. S. Mestre, Fiscal.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

El error alegado en esta apelación es el de que la sentencia es contraria a la prueba, y para sostener este motivo de error el apelante sostiene que la única prueba de que se haya vendido la leche, que se admite hallarse adulterada, consistió de la declaración del inspector del Departamento de Sanidad. El apelante insiste en que sería muy peligroso aceptar la evidencia no corroborada de semejante funcionario. Sin embargo, nada hay en la ley que exija que el testimonio del inspector esté corroborado. El artículo 18 de la Ley de Evidencia de 1905 dispone que la evidencia directa de un testigo que merezca entero crédito, es prueba suficiente de cualquier hecho. No constituye ataque a la credibilidad de una persona el decir que es un inspector que trata de obtener convicciones penales para conservar su empleo. Argumentos análogos pudieran aducirse contra cualquier funcionario del orden público. La cuestión de si determinado funcionario ha sido inducido por su celo oficial a declarar falsamente es una cuestión de credibilidad, y conforme a los principios generales del derecho y las repetidas decisiones de esta corte, dicha credibilidad es materia que concierne a la corte sentenciadora. Cuando un testigo declara positivamente respecto de una venta de leche y la única prueba contra esa venta consiste de dubitadas manifestaciones sobre un préstamo de leche, se deja muy poco lugar a dudas después de haber la corte inferior declarado convicto al recurrente.

La sentencia recurrida debe ser confirmada.

*Confirmada la sentencia recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados del Toro, Aldrey y Hutchison.